**Neil HERRING, Phillip H. Hoffman and Stephanie Coffin, Petitioners,**

**v.**

**SECURITIES AND EXCHANGE COMMISSION of the United States of America, Respondents.**

**No. 80–7989.**

United States Court of Appeals, Eleventh Circuit.

April 19, 1982.

W. Bruce Maloy, Atlanta, Ga., for petitioners.

James E. Joiner, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., Amy Z. Gershenfeld, Robert Lipsher, Jacob Stillman, Rosalind C. Cohen, Thomas Paul Lemke, Gilbert Miller, Washington, D. C., for Ga. Power Co.

Before MORGAN, KRAVITCH and HENDERSON, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellants challenge an order of the Securities and Exchange Commission [SEC] authorizing Georgia Power Company to issue and sell certain first mortgage bonds and preferred stocks. Jurisdiction is proper pursuant to 15 U.S.C. § 79x.

The relevant facts are brief. In April of 1980, Georgia Power Company filed an amended application with the SEC seeking authority to issue and sell first mortgage bonds and preferred stocks in order to finance its business as an electric utility company. The application was made pursuant to the requirements of the Public Utility Holding Company Act of 1935, 15 U.S.C. § 79. Appellants filed various objections to the application in the following September. Each of the appellants is a ratepayer of Georgia Power Company and a common stockholder of The Southern Company, the parent holding company of Georgia Power. On October 1, 1980, the SEC rejected the appellants' objections and approved Georgia Power's application. Appellants now appeal that order and raise three issues. First, appellants claim that the SEC should have held an evidentiary hearing in order to determine the necessity and wisdom of Georgia Power's ongoing construction program which would be funded by the stocks and bonds. Second, appellants argue that the SEC should have prepared an environmental impact statement pursuant to section 102(2)(C) of the National Environmental Policy Act of 1969, 42 U.S.C. § 4332(2)(C), before approving Georgia Power's application. Third, appellants contend that the SEC failed to consider whether the proposed securities offering was "reasonably adapted to the security structure" of Georgia Power as required by section 7(d)(1) of the Public Utilities Holding Company Act, 15 U.S.C. § 79g(d). For the

following reasons, we enforce the SEC's order.

■ Before discussing the merits of appellants' claims, we must first address an issue raised by the appellee. The SEC argues that appellants are collaterally estopped from raising the first and second issues, both questions of law, because of recent litigation between the same parties in another circuit. We agree. In October of 1980, the SEC approved an application of The Southern Company, Georgia Power's parent holding company, to issue and sell common stock in a public offering. The order was challenged in Washington, D. C. by the same three individuals who are the appellants in this appeal. Their claims and arguments before the District of Columbia Circuit were virtually identical to their claims and arguments with regard to the first two issues before us now. In fact, their briefs for the two cases differ only in several word and name changes. On October 26, 1981, the United States Court of Appeals for the District of Columbia Circuit entered judgment in favor of the SEC and against appellants in *Herring, et al. v. Securities & Exchange Commission*, 672 F.2d 894.[1] We emphasize that we are discussing two different causes of action, one contesting authorization granted to The Southern Company and another contesting authorization granted to Georgia Power, and therefore res judicata does not bar the appeal before this court. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). The legal issues and the parties are the same, however, and collateral estoppel is applicable. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* Application of the doctrine in most cases will not force an unfair result since the party against whom the doctrine is applied has already had his day in court. *See*

*James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, *cert. denied sub nom. City Trade and Industries, Ltd. v. Allahabad Bank, Ltd.*, 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971). Moreover, "collateral estoppel relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. at 94, 101 S.Ct. at 414. We believe that this doctrine was originally developed for cases such as the one before us now. The same parties, issues, arguments, and law were involved in an earlier suit which has been decided. We can think of no reason to repeat the process. Therefore, we find that the appellants are collaterally estopped from making these claims against the SEC in this appeal, and thus we need not address the merits of those issues.

■ Appellants have raised a third issue which was not litigated in the D. C. Circuit and therefore is not barred by collateral estoppel. They claim that the SEC erred by refusing to hold an evidentiary hearing to review, and by ultimately rejecting, appellants' argument that the proposed securities offering was not "reasonably adapted to the securities structure" of Georgia Power as required by section 7(d)(1) of the Public Utility Holding Company Act, 15 U.S.C. § 79g(d)(1). We disagree. The securities offering at issue here reduced Georgia Power's common equity ratio from 32 percent to 29.9 percent, slightly below the 30 percent level generally recommended by the SEC. This fact and others relevant to the issue are not in dispute. Accordingly, an evidentiary hearing would have been meaningless and the SEC did not err in refusing to conduct one. *See United States v. Cheramie Bo-Truc # 5, Inc.*, 538 F.2d 696, 698 (5th Cir. 1976). Moreover, as evidenced by its order, the SEC carefully reviewed and considered the capital structure of Georgia Power and concluded that appellants' concerns were meritless. *Georgia*

---

1. The District of Columbia Circuit decided the case without oral argument and without a published opinion pursuant to their local rules.

The decision, however, is still binding for purposes of res judicata and collateral estoppel. *See* Local Rule 8(f) of the D. C. Cir.

*Power Company*, Holding Company Act Release No. 21737, 21 SEC Docket 43 (October 1, 1980). We find the SEC's order rational and convincing and therefore refuse to deny enforcement. *See Bowman Transportation, Inc. v. Arkansas Best Freight Systems, Inc.,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974).

ORDER ENFORCED.